# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1418
Lower Tribunal No. 11-13464
_____


**Karen Elizabeth Kritzman,**
Appellant/Cross-Appellee,

vs.

**Robert Kritzman,**
Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellant/cross-appellee.

Robert M. Kritzman (Jupiter), for appellee/cross-appellant.


Before EMAS, GORDO and BOKOR, JJ.


BOKOR, J.

Karen Elizabeth Kritzman, the former wife, appeals from an order denying her motion for contempt and establishing alimony payments through an income-withholding order. Robert Kritzman, the former husband, cross-appeals from the aforementioned order.

On March 10, 2014, the Kritzmans entered into an amended mediated marital settlement agreement, which provided that the former husband pay permanent alimony to the former wife equal to one-third of his annual gross income. In 2019, the former wife filed a motion for contempt, enforcement, attorney's fees, costs, and other relief, alleging that the former husband violated the amended agreement by failing to pay the full amount of alimony due from 2015 to 2019. The trial court denied the motion for contempt, finding that the former husband did not possess the ability to pay the arrearages, and the former wife moved for rehearing. On rehearing, the trial court granted the motion in part and ordered the former husband to pay $2,000 per month in arrears, imposing an equitable lien on the balance of the former husband's retirement funds to secure the payment of the alimony arrearages.

Subsequently, the former wife filed two additional motions for contempt, sanctions, attorney's fees, costs, enforcement, and other relief, again alleging that the former husband neglected to pay the full amount of

alimony due. The trial court denied the former wife's motions; however, it concluded the former husband possessed the ability to pay $4,000 per month—$2,000 in alimony and the other $2,000 toward arrears. The court directed that half of the money be paid by an income withholding order and the other half be paid from the former husband's 401k accounts. Specifically, the trial court noted: "The Mass Mutual 401k currently has an equitable lien in favor of the wife pursuant to the Court's order of January 26, 2021."[1] Accordingly, the court ordered the other $2,000 be "paid from the 401k accounts on or before the 15th of each month."

We affirm the trial court's thorough and well-reasoned order, with one exception. As explained below, the order on appeal relies on a subsequently-reversed related order entered by a predecessor judge, the January 26, 2021 order, pertaining to an equitable lien on the 401k accounts. We therefore reverse solely as to the direction that the $2,000 in arrears be paid from the former husband's 401k accounts.

In Kritzman v. Kritzman, 357 So. 3d 205 (Fla. 3d DCA 2023) ("Kritzman I"), this court reviewed the trial court's January 26, 2021 order and

---

[1] In the January 26, 2021 order, the trial court granted the former wife's motion for rehearing in part and imposed an equitable lien on the balance of the former husband's retirement funds (the 401k accounts) to secure the payment of the alimony arrearages.

3

considered the same argument the former husband once again raises on cross appeal: the imposition of the equitable lien over the former husband's retirement funds should be reversed, as the equitable lien was imposed without any notice and the required elements to establish such a lien were neither alleged, argued, nor found to exist. See id. at 205–06. Agreeing with the former husband, this court affirmed in part, but reversed and remanded for additional findings regarding the equitable lien issue because the trial court failed to set forth specific findings of special circumstances before imposing the equitable lien. See id. at 206.

Here, the order on appeal (which was entered before the trial court had the benefit of the opinion in Kritzman I) does not impose an equitable lien; however, it directs that $2,000 be paid on a monthly basis from the former husband's 401k accounts. Thus, the issue lies in the fact that part of the order (i.e., the direction that money be withdrawn from the 401k accounts) is premised upon the imposition of the equitable lien established in the trial court's prior order, which served as the basis for reversal in Kritzman I. Thus, because of the reversal in part as to the equitable lien in Kritzman I, we are compelled to reverse as to the portion of the order on appeal that directs the former husband to pay $2,000 in arrears from his 401k accounts.

Therefore, because a portion of the trial court's order is based upon the erroneous imposition of an equitable lien in a prior order, we reverse on this point, vacate that portion of the order on appeal, and remand to allow the trial court to enter a new order, or conduct further proceedings as appropriate, consistent with our opinion in Kritzman I.[2]

Affirmed in part; reversed in part; remanded with instructions.

---

[2] As in Kritzman I, we take no position on the propriety of an equitable lien entered upon the requisite findings.